■ VOLVOVILLE U.S.A., INC., Appellant, v BOARD OF APPEALS OF THE TOWN OF OYSTER BAY, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the

respondent Board of Appeals of the Town of Oyster Bay which denied the petitioner's application for a use variance or a special permit permitting it to utilize its property to store new cars, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Berman, J.), entered June 13, 1984, which dismissed its petition.

Judgment affirmed, with costs.

The petitioner's claim that it is entitled to a special permit which would enable it to use its lot located in Residential Zone C for repairing automobiles and storing new cars, is without merit. The petitioner's reliance on Town of Oyster Bay Building Zone Ordinance § 105 in support of its claim is misplaced. That section applies to public parking places, not to private new car lots as contemplated by petitioner. Accordingly, that section is inapplicable here.

Building Zone Ordinance § 188 (a) is also unavailing in that the conditions it imposes on off-street parking areas in residential districts presuppose that there is a requirement that such parking exist. In the instant case, there is no such requirement. Accordingly, the petitioner failed to demonstrate that it was entitled to a special use permit, and respondent was justified in concluding that, in reality, petitioner sought a use variance *(cf. Matter of Biener v Incorporated Vil. of Thomaston,* 85 AD2d 730, 732-733, *appeal dismissed* 59 NY2d 750). The petitioner failed to demonstrate hardship so as to warrant the granting of a use variance. Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.